# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **GREG HARRISON ET AL** | **CASE NO. 2:19-CV-01092** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SASOL NORTH AMERICA ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Rec. 10) wherein Westlake Chemical Corporation ("Westlake") moves to dismiss the claims of Greg Harrison, Brian Thomas and Skipper Thomas, Jr. pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Westlake asserts that complete diversity does not exist in this matter, therefore the Court lacks subject matter jurisdiction.

## FACTUAL ALLEGATIONS

This lawsuit involves an alleged explosion and emission of chemicals which occurred on August 22, 2018. Plaintiffs filed suit on August 20, 2019 against Defendants Sasol North America, Turner Industries Group, LLC, Phillips 66, and Westlake Chemical Corporation alleging liability under Louisiana Civil Code article 2315. Plaintiffs seek damages for the alleged exposure to hazardous and toxic chemicals as a result of the explosion.

In their original complaint, Plaintiffs assert that there is complete diversity of citizenship between Plaintiffs and Defendants, and therefore the Court has jurisdiction of this matter pursuant to 28 U.S.C. sec 1332.[1]

## LAW AND ANALYSIS

In its motion to dismiss, Westlake maintains that there is not complete diversity of citizenship because Turner Industries is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana. In order for this Court to have subject matter jurisdiction based upon diversity, there must be complete diversity, *i.e.,* only if none of the plaintiffs and no defendant is a citizen of the same state. *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 388 (1998) citing *Carden v. Arkoma Associates,* 494 U.S. 185, 187 (1990).

After the instant motion was filed, a Motion for Voluntary Dismissal was filed by Plaintiffs, and on that same date, an Amended Complaint was filed wherein Turner Industries Group and Sasol North America LLC were not included as Defendants.[2] The voluntary motion to dismiss was granted and the two above-mentioned Defendants were dismissed without prejudice.

---

[1] Section 1332 confers jurisdiction upon a court where a matter exceeds the sum or value of $75,000 exclusive of interest and costs and is either between (1) citizens of different states, (2) citizens of states and citizens or subjects of a foreign states, (3) citizens of different states and in which citizens or subject of a foreign state are additional parties, and (4) a foreign state as plaintiff and citizens of a state or of different states.
[2] Recs. 20 and 21.

Phillips 66 is a Delaware corporation with its principal place of business in Houston, Texas and Westlake Chemical Corporation is a Delaware corporation with its headquarters in Houston, Texas.

Because the Plaintiffs are completely diverse from the Defendants, complete diversity exists for this Court to maintain jurisdiction under 42 U.S.C. § 1332.

## **CONCLUSION**

For the reasons set forth above, the motion to dismiss will be denied.

**THUS DONE AND SIGNED** in chambers on this 17th day of December, 2019.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**