# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **GREG HARRISON ET AL** | **CASE NO.  2:19-CV-01092** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SASOL NORTH AMERICA ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss on Prescription" (Rec. 25) filed by Defendant Westlake Chemical Corporation ("Westlake") wherein the mover seeks to dismiss the claims of Plaintiffs, Greg Harrison, Brian Thomas and Skipper Thomas, Jr. on the grounds that Plaintiffs' claims are prescribed pursuant Federal Rule of Civil Procedure 12(b)(6)  and Louisiana Civil Code  article 3492.  For the reasons that follow, the motion will be granted.

## FACTUAL ALLEGATIONS

This lawsuit involves an alleged explosion and emission of chemicals which occurred on August 22, 2018.  Plaintiffs filed suit on August 20, 2019, against Defendants, Sasol North America ("Sasol"), Turner Industries Group, LLC ("Turner"), Phillips 66, and Westlake alleging liability under Louisiana Civil Code article 2315.  Plaintiffs seek damages for the alleged exposure to hazardous and toxic chemicals as a result of the explosion.

The lawsuit, filed in this Court, was based on complete diversity pursuant to 28 U.S.C. § 1332. Defendants, Westlake and Phillips, filed motions to dismiss[1] for lack of jurisdiction because Defendant, Turner Industries, a Louisiana limited liability company destroyed complete diversity. Shortly thereafter, Plaintiffs filed a voluntary motion to dismiss[2] Sasol and Turner, showing that these two Defendants did not release chemicals on August 22, 2018. The motion was granted, and Sasol and Turner were dismissed without prejudice.[3]

## LAW AND ANALYSIS

Defendant, Westlake, now files the instant motion to dismiss Plaintiff's claims as prescribed because Plaintiffs failed to serve any of the defendants within the prescriptive period as required under Louisiana Civil Code article 3492. That article provides, in relevant part, the following:

**Delictual actions**

> Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. . . .

Prescription is interrupted by the filing of a lawsuit as long as that suit is filed in a competent court. Louisiana Civil Code article 3462 provides as follows:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or

---

[1] Rec. 10 and 18.
[2] Rec. 20.
[3] Rec. 23.

2

> in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

Westlake argues that when Plaintiffs filed suit on August 22, 2019, against the four (4) above named defendants, there was not complete diversity, meaning that this Court was not a court of competent jurisdiction. A competent court or court of competent jurisdiction is defined under Louisiana Code of Civil Procedure article 5251(4) as "a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceedings."

Therefore, if the lawsuit was filed in a court of incompetent jurisdiction, a defendant would have to have been served by process within the prescriptive period. Westlake asserts and the record reflects that it was served on September 4, 2019,[4] beyond the prescriptive period.

Plaintiffs rely on Louisiana Code of Civil Procedure article 1153 to argue that the amended complaint it filed, which did not name Turner as a defendant, relates back to the original complaint. Article 1153 provides that "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

Plaintiffs also rely on Rule 15(c) of the Federal Rule of Civil Procedure which provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence

---

[4] Rec. 4.

set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

An Amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against him.

As argued by Westlake, this Court did not have subject matter jurisdiction at the time the Plaintiffs filed their Complaint, and the Defendants were not served within the prescriptive period. Consequently, there was no interruption of prescription. Therefore, Plaintiffs' claims against Westlake in this lawsuit are prescribed.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs' claims in this lawsuit are prescribed and therefore should be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of January, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

4