# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **GREG HARRISON, ET AL.** | **CASE NO. 2:19-CV-01092** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PHILLIPS 66, ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Reconsider/Alter Judgment and Motion for Hearing [doc. 34] filed by plaintiffs Greg Harrison, Brian Thomas, and Skipper Thomas, Jr., regarding the dismissal [doc. 33] of their claims against Westlake Chemical Corporation ("Westlake") on the basis of prescription. Westlake opposes the motions.

### I.
#### BACKGROUND

This suit arises from an alleged explosion and chemical emission in Calcasieu Parish, Louisiana, on August 22, 2018. Plaintiffs filed suit in this court on August 20, 2019, against Turner Industries Group; Phillips 66; Westlake; and Sasol North America. Doc. 1. Plaintiffs maintained that they had been exposed to hazardous and toxic chemicals as a result of the explosion, and that defendants were therefore liable to them under Louisiana Civil Code article 2315.

As the basis for this court's jurisdiction the plaintiffs asserted complete diversity under 28 U.S.C. § 1332. Westlake then moved to dismiss the suit for lack of jurisdiction, noting that the plaintiffs and Turner Industries Group were citizens of Louisiana while the

citizenship of Sasol North America had not been properly alleged and could not be ascertained at the moment. In response the plaintiffs filed an amended complaint and moved to dismiss their claims against Sasol North America and Turner Industries Group. The court granted plaintiffs' motions to dismiss and denied the Westlake's motion as moot. Docs. 23, 29.

Westlake then moved to dismiss the suit under Rule 12(b)(6), asserting that it has prescribed under Louisiana law because no defendant was served before the one-year prescriptive period ran and prescription was not interrupted until the jurisdictional defects in the suit were cured. Doc. 25; *see* La. Civ. Code art. 3492 (providing prescriptive period for delictual actions). Plaintiffs opposed the motion, maintaining that prescription was interrupted by the filing of the first complaint and that the amended complaint related back to that date. Doc. 27. The court disagreed and granted the motion on January 6, 2020, dismissing the claims against Westlake as prescribed. Docs. 32, 33. Because Phillips 66 had not joined in the motion, its claims remained pending before the court.

By motion dated February 3, 2020, plaintiffs now request that the court alter its judgment under Federal Rule of Civil Procedure 59(e) or provide relief from same under Rule 60(b). They first request that the court reconsider its prior ruling based on *Brown v. Texas & P.R. Co.*, 392 F. Supp. 1120 (W.D. La. 1975). They also argue – based on allegations omitted from their complaint – that prescription was continuously interrupted against all tortfeasors when plaintiffs filed worker's compensation claims against their employers in April 2019. They further assert that defendants concealed facts relating to the identity of the tortfeasor, making their claims timely under the doctrine of *contra non*

*valentem*. Finally, they argue in the alternative that the court's dismissal of their claims should have been without prejudice. They also request a hearing in order to introduce oral testimony. Doc. 35. Westlake opposes the motions. Doc. 37.

## II.
## LAW & APPLICATION

### A. *Grounds for Relief Under Rule 59(e)*

A motion for relief from judgment is analyzed under Federal Rule of Civil Procedure 59(e), which allows alteration or amendment of a judgment, if it is filed within 28 days of the entry of judgment. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010). Otherwise it is analyzed under Rule 60(b), which permits the same relief. *Id.*; *Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986). Plaintiffs' motion was filed 28 days after the challenged judgment and is thus governed by Rule 59(e).

Relief under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (cleaned up). Accordingly, such a motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 568 (5th Cir. 2003).

Plaintiffs made no mention of *contra non valentem* or filing worker's compensation claims in either their complaints or their opposition to Westlake's Motion to Dismiss. They also fail to show why they could not have raised these issues before judgment was entered. Accordingly, these arguments do not provide a basis for relief under Rule 59(e). *See, e.g.*,

*Davila v. Wal-Mart Stores, Inc.*, 2017 WL 1509303, at *4 (N.D. Tex. Apr. 27, 2017) (rule should not be used "as a 'back up plan' for curing briefing deficiencies").

### B. Alleged Errors of Law

In dismissing this matter, the court held that plaintiffs did not interrupt prescription when they filed suit because the court lacked jurisdiction over the matter under 28 U.S.C. § 1332 until plaintiffs dismissed their claims against non-diverse defendants. The court also rejected plaintiffs' argument that their amended complaint, dismissing the non-diverse parties, related back to the date of the original under Federal Rule of Civil Procedure 15(c) and was therefore timely. Accordingly, unlike the worker's compensation and *contra non valentem* arguments, plaintiffs did raise the issue of relation back in their original opposition to the motion to dismiss. The briefing deficiency lay instead in not locating cases that would support their point.

Now, however, plaintiffs point to *Brown v. Texas & P.R. Co.*, 392 F.Supp. 1120 (W.D La. 1975). There the court considered a similar scenario, in which plaintiffs had filed suit in this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, but named the Caddo Parish Police Jury as a defendant. The court permitted dismissal of claims against the non-diverse defendant and the remaining defendants moved to dismiss the suit as prescribed, arguing that the filing of the original complaint had not interrupted prescription. The court then held that amendments dismissing parties in order to cure jurisdictional defects would relate back to the filing of the original petition, even if the court lacked jurisdiction over the case as it was first pleaded.

A "manifest error" justifying relief under Rule 59(e) "is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Pechon v. La. Dep't of Health and Hospitals*, 2009 WL 2046766, at *4 (E.D. La. Jul. 14, 2009) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The court acknowledges *Brown*'s persuasive value. However, the decision is not binding authority and would not show a "manifest error" of law.

Additionally, as Westlake notes, this court's prior judgment is supported by another decision from our district. *See Anderson v. Phoenix of Hartford Ins. Co.*, 320 F.Supp. 399, 405–06 (W.D. La. Oct. 19, 1970), *aff'd sub nom. Anderson v. Papillion*, 445 F.2d 841 (5th Cir. 1971). In that matter, the parties discovered that a suit filed in federal court on the basis of diversity jurisdiction actually contained a plaintiff and defendant from the state of Texas. The suit had since prescribed under state law, but plaintiffs sought to rescue the matter by dismissing the non-diverse defendant and amending the complaint to include other defendants diverse to the plaintiff. The court held that the amendment did not relate back because it was one adding a new party to the lawsuit. It also concluded:

> This Court had no jurisdiction of the original action against either Papillion or Phoenix. The action against Phoenix is prescribed. There is nothing for plaintiff to relate back to. Under any interpretation of Rule 15(c) a prerequisite is that the original action was timely filed and is presently viable.

*Id.* at 405–06. Affirming the decision, the Fifth Circuit emphasized that "state statutes of limitations, not the Federal Rules of Civil Procedure, govern the determination of whether [diversity cases] are brought timely." *Anderson*, 445 F.2d at 842. Accordingly, the citation to *Brown* shows no basis for relief under Rule 59(e).

Finally, plaintiffs assert that dismissal should have been made without prejudice because it was not certified as a final judgment under Federal Rule of Civil Procedure 54(b) and because there has not been a trial on the merits. A dismissal on statute of limitations grounds operates as a final adjudication on the merits under both state and federal law. *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819–20 (5th Cir. 1989); *see Rose v. Computer Science Corp.*, 2017 WL 2911580, at *4 & n. 46 (E.D. La. Jul. 7, 2017) (collecting cases). Entry of a "final judgment" under Rule 54(b) only goes to the appealability of the ruling before the remaining claims are decided. Dismissal of the claims with prejudice was thus appropriate in this matter.

Plaintiffs fail to show any grounds for alteration of the judgment under Rule 59. They also fail to demonstrate how oral testimony might benefit their cause. While it is regrettable that plaintiffs will lose their claims to prescription, the error could have easily been avoided by bringing suit in state court when uncertainty existed as to the citizenship of the parties. Accordingly, plaintiffs' motions must be denied.

Phillips 66 did not join in the original motion to dismiss and remains as sole defendant to this matter. With the prescription issue now having been twice litigated, the court finds that the case should be brought to a close. The prescription findings inure to the benefit of Phillips 66, despite its failure to request dismissal. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Accordingly, the court will now dismiss all claims against that party with prejudice.

# III.
## CONCLUSION

For the reasons stated above, the Motion to Reconsider/Alter Judgment and Motion for Hearing [doc. 34] will be denied. All claims against Phillips 66 will be dismissed with prejudice, resulting in the closure of this case.

**THUS DONE** in Chambers on this 3rd day of March, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**